UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 18-12-DLB-CJS

SALLY HALL                                                                                                           PLAINTIFF

v.                             **MEMORANDUM OPINION AND ORDER**

RAG-O-RAMA, LLC                                                                                           DEFENDANT

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court on Defendant's Renewed Motion for Summary Judgment on Plaintiff's Fraudulent Inducement Claim. (Doc. # 76). The Motion has been fully briefed, (Docs. # 77 and # 78), and is now ripe for the Court's review. Also pending before the Court is Defendant's Motion for Attorneys' Fees, (Doc. # 54), which has also been fully briefed, (Docs. # 55 and # 56), and is ripe for review. For the reasons set forth herein, Defendant's Renewed Motion for Summary Judgment (Doc. # 76) is **granted** and Defendant's Motion for Attorneys' Fees (Doc. # 54) is **denied**.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts and procedural history of this case are set forth at length in the Court's prior Memorandum Opinion and Order granting in part and denying in part Defendant's initial Motion for Summary Judgment. *See* (Doc. # 73 at 1–8). Thus, the Court will restate only those facts relevant to the present Motion. On September 13, 2019, Defendant moved for summary judgment as to each of Plaintiff's claims, (Doc. # 53), and on May 5, 2020, the Court largely granted the Motion, dismissing all but Plaintiff's fraudulent-inducement claim to the extent it is based on three promises Defendant allegedly made

1

to Plaintiff, outlined below (Doc. # 73).  Presently before the Court is Defendant's Renewed Motion for Summary Judgment, which seeks summary judgment on Plaintiff's remaining fraudulent-inducement claim.  (Doc. # 76).

Plaintiff Sally Hall specifically alleges that her former employer, Defendant Rag-O-Rama, LLC ("ROR"), through its President and CEO, Vance Whitener, fraudulently induced her to leave her position at Elizabeth Cole Jewelry ("ECJ") and accept a full-time position as an Area Manager for ROR by falsely promising (1) that she would be paid $5,000 for design work she performed during an earlier period of employment with ROR between 1999 and 2003, (2) that ROR would provide her a company car, and (3) that she would be provided an ownership interest in the company.  (Docs. # 52 at 35:1–11, 37:13–19 and # 64-1 at 3); *see also* (Doc. # 6 at ¶¶ 9, 16, 41).  Hall claims she relied on those promises to her detriment, resigning from "a secure and stable position to accept a position which [Defendant] knew or should have known was neither." (Doc. # 6 at ¶¶ 18, 40, 41).

Starting in August of 2015, Hall worked for ROR on a part-time basis while simultaneously working for ECJ.  (Docs. # 52 at 29:20–30:3 and # 64-1 at 2).  In June of 2016, Hall left her position with ECJ and accepted a full-time position with ROR as an Area Manager.  (Docs. # 13-1 at 3 and # 52 at 13:18–19, 15:21–24); *see also* (Doc. # 6 at ¶¶ 9, 11).  Prior to accepting the full-time position, Hall signed an employment agreement, labeled "Communication Form," which documented her pay and benefits, as well as some of her responsibilities as an employee for ROR.  *See* (Doc. # 52-1); *see also* (Docs. # 41:11–15 and # 64-1 at 3).  Hall served as Area Manager for ROR from June 13, 2016 until she was terminated on January 10, 2017.  (Doc. # 13-1 at 3).

2

## II. ANALYSIS

### A. Defendant's Renewed Motion for Summary Judgment

#### 1. Standard of Review

When a party files a second or renewed motion for summary judgment, the court is "free to reconsider or reverse its [prior] decision for any reason." *Cameron v. Ohio*, 344 F. App'x 115, 118 (6th Cir. 2009) (quoting *Russel v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 436 (6th Cir. 2005)); *see id.* at 115, 117–18 (explaining that because the denial of a motion for summary judgment is not a final order, courts considering renewed motions for summary judgment are not subject to the "strictures" of Federal Rule of Civil Procedure 59(e), governing motions to alter judgments).[1]

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

---

[1] During the June 22, 2020 telephonic status conference, upon the request of the parties, the Court granted both sides leave to file motions related to the Court's prior Memorandum Opinion and Order addressing Defendant's first Motion for Summary Judgment. *See* (Doc. # 75). Moreover, Defendant has shown good cause pursuant to Federal Rule of Civil Procedure 16(b) to file the Renewed Motion outside the dispositive-motions deadline. *See Andretti v. Borla Performance Indus.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Id.* (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). Courts should also consider possible prejudice to the party opposing the modification. *Id.* (citing *Inge*, 281 F.3d 613). With respect to diligence, the Court finds persuasive Defendant's assertion that the "shotgun" nature of Hall's Amended Complaint made it "difficult to determine the precise nature of the claims plead[ed]." (Doc. # 76 at 3). The Court itself had difficulty deciphering Plaintiff's claims. *See* (Doc. # 73 at 13). In addition, the Plaintiff is prejudiced very little, if at all, by the Court's consideration of Defendant's Renewed Motion. Plaintiff was provided the usual twenty-one days permitted under the Local Rules to respond to Defendant's Renewed Motion, and the Renewed Motion did not delay the established pre-trial and trial dates. Accordingly, with good cause shown, the Court will proceed to address the merits of Defendant's Renewed Motion for Summary Judgment. *See Am. Civil Liberties Union of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010) (finding "a district court has broad discretion to manage its docket.").

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). The "moving party bears the burden of showing the absence of any genuine issues of material fact." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008). Once a party files a properly-supported motion for summary judgment, by either affirmatively negating an essential element of the non-moving party's claim or establishing an affirmative defense, "the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. However, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Id.* at 252; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968))).

When evaluating a motion for summary judgment the Court must view "the facts and any inferences that can be drawn from those facts . . . in the light most favorable to the non-moving party." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008) (quoting *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005)). Further, the Court may not make "credibility judgments" or "weigh[ ] . . . the evidence" before it. *Id.* (quoting *Bennett*, 410 F.3d at 817). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestle USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52). If there is a dispute over facts that might affect the outcome of the case under governing law, entry of summary judgment is precluded. *Anderson*, 477 U.S. at 248.

### 2. *Fraudulent Inducement*

In its initial Motion, Defendant argued that summary judgment should be granted in its favor with respect to Plaintiff's claim that Defendant fraudulently induced her to leave her position at ECJ and accept a full-time position with ROR because each of the three promises—the $5,000 payment, company car, and ownership interest—were unenforceable or non-binding. (Doc. # 53 at 17–18, 24–26). The Court rejected Defendant's argument on the basis that the enforceability of a promise is not relevant to the success of a fraudulent-inducement claim. (Doc. # 73 at 41–42). As the Court explained, the analysis should be focused on Defendant's intent when making the promises, as well as on the reasonableness of Plaintiff's reliance on those promises. *Id.* at 41. In its Renewed Motion, Defendant asserts that Plaintiff's remaining fraudulent-inducement claim fails because it was not reasonable, as a matter of law, for Plaintiff to rely on oral promises that were not included in the subsequent, written agreement governing Plaintiff's employment with ROR. *Id.* at 6. The Court agrees.

In Kentucky, a plaintiff must demonstrate the following six elements by clear and convincing evidence to succeed on a fraudulent-inducement claim: (1) the defendant made a material representation, (2) the representation was false, (3) the defendant knew that the representation was false or made the representation recklessly, (4) the defendant made the representation with the intention that it to be acted on, (5) the plaintiff acted upon the representation "in reliance thereon," and (6) this caused injury to the plaintiff. *Halle v. Banner Indus. of N.E., Inc.*, 453 S.W.3d 179, 188 (Ky. Ct. App. 2014); *see also Preferred Care of Del., Inc. v. Crocker*, 173 F. Supp. 3d 505, 523 (W.D. Ky. 2016). A plaintiff may assert fraudulent inducement based on a defendant's promise to perform in

5

the future when the defendant "knew at the time the representations were made he had no intention of carrying them out." *Bear, Inc. v. Smith*, 303 S.W.3d 137, 142 (Ky. Ct. App. 2010) (quoting *Major v. Christian Cnty. Livestock Market*, 300 S.W.2d 246, 249 (Ky. 1957)); *see also Schroerlucke v. Hall*, 249 S.W.2d 130, 131 (Ky. 1952); *PCR Contractors, Inc. v. Danial*, 354 S.W.3d 610, 615 (Ky. Ct. App. 2011).

Importantly, "the plaintiff's reliance on the material representation must be reasonable" in order for a fraudulent-inducement claim to be actionable. *Crocker*, 173 F. Supp. 3d at 523 (citing *Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 1999)); *see also Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 210 (6th Cir. 2019). Although the issue of whether reliance was reasonable is generally a question of fact for the jury, summary judgment may be granted as a matter of law when no reasonable juror could find that the plaintiff's reliance on an alleged representation was reasonable. *See Yung v. Thornton*, 563 S.W.3d 22, 47 (Ky. 2018) (collecting cases). More specifically, and relevant here, courts have found that reliance on oral assurances contrary to a subsequent, written agreement cannot constitute *reasonable* reliance as a matter of law. *Id.* at 49 n.35; *cf. Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 640–41 (Ky. 2003) ("[A]s a matter of law, a party may not rely on oral representations that conflict with written disclaimers to the contrary which the complaining party earlier specifically acknowledged in writing . . . ."); *see also Davis v. Siemens Med. Sols. USA, Inc.*, No. 3:04-cv-195, 2007 WL 710133, at *4 (W.D. Ky. Mar. 6, 2007) (finding reliance not reasonable under Kentucky law where the plaintiff's written agreement "directly contradicted" prior oral representations), *aff'd*, 279 F. App'x 378 (6th Cir. 2008); *Bisig*, 940 F.3d at 211.

6

For example, in *Davis*, the plaintiff claimed that his employer represented orally that he would receive commissions on sales regardless of whether he was directly responsible for the sales. 2007 WL 710133, at *4. Yet, the plaintiff's employment agreement, signed subsequent to the alleged representation, stated that he was entitled to commissions only on sales that he was directly and solely responsible for. *Id.* Because the terms of the agreement "directly contradicted the oral representations allegedly made by [the defendant]," the court found that the plaintiff's reliance on the oral representation was not reasonable. *Id.*

Likewise, in *Bisig*, the Sixth Circuit found that the plaintiffs' reliance on their employer's oral promises of better pay was not reasonable where the plaintiffs had received prior notice that they were at-will employees. 940 F.3d at 212. Under Kentucky law, an employer may unilaterally modify the terms and conditions of an at-will employment relationship with reasonable notice. *Id.* Because the notice of at-will status essentially informed the plaintiffs that their employer could modify their pay in the future, the court held that "the company's oral promises of better or similar pay directly conflicted with this disclaimer." *Id.*

In light of the Communication Form, which expressly defined Plaintiff's compensation and benefits, it was not reasonable for Plaintiff to rely on Whitener's alleged earlier, oral promises of additional benefits when deciding to leave ECJ and accept a full-time position with ROR. As this Court previously found, Hall and ROR entered into a contract—the Communication Form—that set forth the terms of her employment. (Doc. # 73 at 17); *see also* (Doc. # 52-1). The Communication Form specifically established Plaintiff's salary, as well as other benefits, including cash bonuses, paid time off, health

7

insurance, and a work cell phone. (Doc. # 52-1). Although Plaintiff asserts that Whitener made several promises to entice her to take the full-time position as an Area Manager with ROR, including a $5,000 payment for prior work, a company car, and an ownership interest in ROR, (Docs. # 52 at 35:1–11, 37:13–19 and # 64-1 at 3), none of these benefits were included in the Communication Form, *see* (Doc. # 52-1). In other words, the Communication Form conflicts with the oral promises Whitener allegedly made prior to the parties' formalization of the agreement. Furthermore, Plaintiff admits that she "insisted on an employment contract" *prior to leaving her position at ECJ*. (Docs. # 41:11–15 and # 64-1 at 3).[2] Accordingly, it was not reasonable for Plaintiff to rely on the oral promises that conflicted with the Communication Form when deciding to leave ECJ for full-time work with ROR. *See Davis*, 2007 WL 710133, at *4.

Moreover, Plaintiff's reliance on the oral promises of future, additional benefits was particularly unreasonable considering her subsequent acceptance of the Communication Form establishing her status as an at-will employee. *Bisig*, 940 F.3d at 212. As explained above, under Kentucky law, employers may unilaterally alter the terms of an at-will employment arrangement, so long as they provide notice of the change. *Id.* Because the Communication Form neither guaranteed Hall employment for a definite period of time nor offered employment for an indefinite period of time that could be terminated only for cause, the Form established that Hall would serve as an at-will employee—the default under Kentucky law. (Doc. # 73 at 20–21) (citing *Butler v. Progressive Cas. Ins. Co.*, No. 5:04-cv-84, 2005 WL 10096, at *2 (W.D. Ky. Apr. 25, 2005)). Thus, by signing the

---

[2] Plaintiff does not dispute that she signed the Communication Form prior to leaving ECJ, nor does she point to any evidence in the record to the contrary.

8

Communication Form and accepting at-will employment, Hall effectively acknowledged that ROR was not obligated to increase her pay or provide additional benefits in the future.

In short, Defendant is entitled to summary judgment on Plaintiff's remaining fraudulent-inducement claim, because Plaintiff's reliance on oral representations that were contrary to her subsequent, written agreement was not reasonable as a matter of law.[3]  Accordingly, Defendant's Renewed Motion for Summary Judgment is **granted**.

### B.      Defendant's Motion for Attorneys' Fees

Although the Court has granted summary judgment as to each of Plaintiff's claims, an award of attorneys' fees to the Defendant is not warranted.  Defendant's Motion for Attorneys' Fees seeks an award of fees pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and/or the Court's inherent powers.  *See* (Doc. # 54).  As grounds for such an award, Defendant asserts that several of the allegations in Plaintiff's Amended Complaint were frivolous and lacking any basis in fact or law.  *Id.* at 3, 6–19.

A court may impose sanctions under Rule 11 if "a reasonable inquiry discloses [that a] pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (quoting

---

[3]  The case relied on by Plaintiff, *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464 (Ky. 1999) is inapposite, as that case does not involve reliance on a promise contrary to a written agreement.
   In addition, the Court's prior finding of a material dispute of fact concerning whether Whitener made the alleged oral promises does not compel a different result.  *See* (Doc. # 73 at 42).  Even assuming Whitener made each of the three promises at issue, Defendant is entitled to summary judgment because Plaintiff's reliance on the promises was not reasonable as a matter of law.

*Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988)).  Courts assessing sanctions under Rule 11 must evaluate counsel's actions under "an objective standard of reasonableness under the circumstances."  *Id.* (citing *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987)).  Further, courts should "avoid using the wisdom of hindsight and should test [counsel's] conduct by inquiring what was reasonable to believe at the time the pleading . . . was submitted."  *Id.* (quoting *INVST Fin. Grp., Inc.* 815 F.2d at 401).  Nevertheless, courts should bear in mind that the duty imposed by Rule 11 is a "*continual obligation* . . . to refrain from pursuing meritless or frivolous claims."  *Id.* at 627 (emphasis added) (quoting *Herron*, 858 F.2d at 336).

Defendant alleges that Plaintiff violated Rule 11 by presenting claims with the purpose of harassing Defendant, causing unnecessary delay, and needlessly increasing the cost of litigation, as well as by presenting claims known to be unsupported by law and fact.  (Doc. # 54 at 6–7).  These claims include breach of contract, breach of fiduciary duty, breach of express and implied warranties, fraudulent inducement, tortious interference, and negligent or intentional infliction of emotional distress.  *Id.* at 7–16.

Although each of Plaintiff's claims did not survive summary judgment, the Court does not find that it was objectively unreasonable for Plaintiff's attorney to assert those claims in the Amended Complaint and to continue to defend the lawsuit through the summary judgment stage.  For example, Defendant argues that Hall's claims arising out of her employment contract were unsupported, because Hall did not have an employment contract with ROR and the Communication Form made plain that Hall was an at-will employee.  *Id.* at 7–8.  However, the Court, in its initial Memorandum Opinion and Order found that the Communication Form did, in fact, constitute a written contract establishing

10

the terms of Hall's employment. (Doc. # 73 at 15–16). Further, although the Court ultimately determined that Hall was an at-will employee, Hall's understanding to the contrary was based on her mistaken interpretation of the non-competition clause and her discussions with Whitener, with whom she had a long working relationship. *See id.* at 19–21; *see also* (Doc. # 64-1 at 3). Similarly, it was not unreasonable for Hall's attorney to assert various claims based on certain oral promises Whitener allegedly made prior to Hall's acceptance of full-time employment with ROR due to the possibility of the Court finding reasonable reliance in light of the parties' long-standing relationship. *See* (Doc. # 73 at 42).

Accordingly, although Plaintiff's claims failed on the merits in the face of Defendant's Motions for Summary Judgment, the Court does not find that Plaintiff's claims were so lacking in factual or legal support as to warrant an award of sanctions under Rule 11. Nor does the Court find support for Defendant's argument that certain claims were raised for the improper purpose of harassment or causing needless delays and costs. *See Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 456 (6th Cir. 1991) (noting the broad discretion of district courts to award Rule 11 sanctions).[4]

Defendant's Motion for Attorneys' Fees focuses on Rule 11. *See* (Doc. 54 at 6–18) (describing Plaintiff's allegations as falling into one of three categories under Rule 11). Yet, Defendant also cites to 28 U.S.C. § 1927 and the Court's inherent authority as additional bases for awarding attorneys' fees. *Id.* at 3–5. Sanctions are appropriate under

---

[4] In addition, that Plaintiff's counsel continued to defend some of Plaintiff's less-supported claims through summary judgment is reasonable, considering that Defendant's earlier Motion to Dismiss argued only that the Court lacked personal jurisdiction. *See* (Doc. # 13). Thus, Defendant's first Motion for Summary Judgment was Plaintiff's first opportunity to defend the case on the merits.

11

§ 1927 when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." *See Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016) (quoting 28 U.S.C. § 1927). "Section 1927 sanctions may be imposed without a finding that the lawyer subjectively knew that his conduct was inappropriate," however, "the conduct must exceed 'simply inadvertence or negligence that frustrates the trial judge.'" *Id.* (quoting *Scherer v. JP Morgan Chase & Co.*, 508 F. App'x 429, 439 (6th Cir. 2012)); *see also Red Carpet Studios, Div. of Source Advantage, Ltd. v. Slater*, 465 F.3d 642, 646 (6th Cir. 2006) (noting that the purpose of § 1927 is "to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy"). Sanctions pursuant to § 1927 are not warranted here for largely the same reason sanctions under Rule 11 are not called for. Because Plaintiff's claims were not wholly devoid of factual and legal support, Plaintiff's attorney's filing of the Amended Complaint and defense of the lawsuit through the summary judgment stage was not unreasonable or "vexatious."

Finally, the Court declines to award sanctions pursuant to its inherent authority, as such authority may be exercised only "to punish . . . those who litigate *in bad faith*." *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008); *see also First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (explaining that an award of sanctions under the "bad faith exception" requires a finding that "the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." (quoting *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997))). While Plaintiff's lawsuit ultimately proved meritless, the record does not support a finding that

Plaintiff's attorney pursued the case in bad faith or with an improper purpose. Thus, Defendant's Motion for Attorneys' Fees is **denied**.

## III. CONCLUSION

Accordingly, for the reasons set forth herein,

**IT IS ORDERED** that:

(1) Defendant's Renewed Motion for Summary Judgment on Plaintiff's Fraudulent Inducement Claim (Doc. # 76) is **GRANTED**;

(2) Defendant's Motion for Attorneys' Fees (Doc. # 54) is **DENIED**;

(3) This civil action is **DISMISSED with prejudice** and **STRICKEN** from the Court's active docket; and

(4) The Court will enter a corresponding Judgment with this Order.

This 14th day of August, 2020.



Signed By:
David L. Bunning
United States District Judge

J:\DATA\ORDERS\Cov2018\18-12 Renewed MSJ MOO and Mtn for Attys' Fees.docx